UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

| | |
|---|---|
| MICHAEL TAYLOR, Individually and for Others Similarly Situated,<br><br>    Plaintiff,<br><br>v.<br><br>SPUR ENERGY PARTNERS LLC,<br><br>    Defendant. | Case No. 1:21-cv-334<br><br>Jury Trial Demanded<br><br>FLSA Collective Action<br>Rule 23 Class Action |

**ORIGINAL CLASS AND COLLECTIVE ACTION COMPLAINT**

SUMMARY

1. Michael Taylor (Taylor) brings this class and collective action lawsuit to recover the unpaid overtime wages and other damages from Spur Energy Partners LLC (Spur Energy) under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and the New Mexico Minimum Wage Act (NMMWA), NMSA § 50-4-19, *et seq.*

2. Taylor worked for Spur Energy as a Drilling Consultant[1] in and around Artesia and Carlsbad, New Mexico.

3. Taylor and the other Day Rate Workers (as defined below) regularly work in excess of 40 hours each week.

4. But Spur Energy does not pay them overtime for hours worked in excess of 40 hours in a single workweek.

5. Instead of paying overtime, Spur Energy classified Taylor and other Day Rate Workers

---

[1] In the oil and gas industry, Drilling Consultants are also referred to as Drill Site Managers, Well Site Supervisors, Company Men, Drill Safety Managers, Company Representatives, etc.

as independent contractors and paid them a flat amount for each day worked and failed to pay them overtime for hours worked in excess of 40 hours in a workweek in a workweek in violation of the FLSA and the NMMWA.

6. Spur Energy never paid Taylor and the Day Rate Workers a salary.

7. This class and collective action seeks to recover unpaid overtime wages and other damages owed to these workers.

## JURISDICTION AND VENUE

8. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

9. This Court also has supplemental jurisdiction over the NMMWA claims pursuant to 28 U.S.C. § 1367.

10. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

11. Specifically, Taylor worked for Spur Energy in and around Artesia and Carlsbad, New Mexico, which is in the District.

12. Further, Spur Energy conducts substantial business in the State of New Mexico, including but not limited to the shales in and around Artesia and Carlsbad, New Mexico.[2]

13. Indeed, Spur Energy is registered with the New Mexico Secretary of State to conduct business in New Mexico.

---

[2] https://www.spurenergy.com/operations (last visited April 12, 2021) (noting Spur Energy has operations in New Mexico).

## THE PARTIES

14. Taylor worked for Spur Energy as a Drilling Consultant from approximately November 2018 until February 2021 in and around Artesia and Carlsbad, New Mexico.

15. Throughout his employment with Spur Energy, Spur Energy classified Taylor as an independent contractor and paid him a day rate with no overtime compensation.

16. Taylor's consent to be a party plaintiff is attached as <u>Exhibit 1</u>.

17. Taylor brings this action on behalf of himself and all other similarly situated workers who were paid by Spur Energy's day rate system.

18. Spur Energy paid each of these workers a flat amount for each day worked and failed to pay them overtime for hours worked in excess of 40 hours in a workweek in a workweek in violation of the FLSA.

19. The collective of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All workers employed by, or working on behalf of, Spur Energy who were classified as independent contractors and paid a day rate with no overtime at any time in the past 3 years (Putative Class Members or the FLSA Class).**

20. In addition to the FLSA Class, Taylor seeks to represent the following Class under the NMMWA pursuant to Rule 23:

> **All workers employed by, or working on behalf of, Spur Energy who were classified as independent contractors and paid a day rate with no overtime in New Mexico at any time in the past 3 years (New Mexico Class Members or the New Mexico Class).**

21. The FLSA Class Members and the New Mexico Class Members will be collectively referred to as the Day Rate Workers.

22. Spur Energy can be served with process through its registered agent: **Cogency Global,**

**Inc., 1012 Marquez Place, Suite 106B, Santa Fe, New Mexico 87505**, or wherever it may be found.

## COVERAGE UNDER THE FLSA

23. At all times hereinafter mentioned, Spur Energy has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

24. At all times hereinafter mentioned, Spur Energy has been part of an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

25. At all times hereinafter mentioned, Spur Energy has been part of an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce - such as debris removal equipment, hand tools, computers, automobiles, and cell phones - by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

26. At all times hereinafter mentioned, Taylor and the Day Rate Workers were engaged in commerce or in the production of goods for commerce.

27. Spur Energy treated Taylor and the Day Rate Workers as employees and uniformly dictated the pay practices it applied to Taylor and the Day Rate Workers.

28. Spur Energy's misclassification of Taylor and the Day Rate Workers as independent contractors does not alter their status as an employee for purposes of the FLSA.

## FACTS

29. Spur Energy is an exploration and production company "focused on delivering superior long-term investor returns by acquiring and developing oil and gas assets[.]"[3]

30. To meet its business objectives, Spur Energy hires personnel (like Taylor) to perform drilling services.

31. Spur Energy does not hire these workers on a project-by-project basis.

32. Rather, Spur Energy hires and treats these workers just like regular, even if sometimes short-term, employees.

33. Many of these workers worked for Spur Energy on a day rate basis and make up the proposed putative class of Day Rate Workers.

34. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

35. For example, Taylor worked for Spur Energy as a Drilling Consultant from approximately November 2018 until February 2021.

36. Throughout his employment with Spur Energy, Spur Energy paid Taylor on a day rate basis.

37. Spur Energy paid Taylor and the Day Rate Workers a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to pay them overtime when they worked in excess of 40 hours in a workweek.

38. Spur Energy does not pay Taylor and the Day Rate Workers a salary as required for exemption under the FLSA and NMMWA.

---

[3] https://www.spurenergy.com/our-mission (last visited April 12, 2021).

39. If Taylor and the Day Rate Workers did not work, they did not get paid.

40. Taylor and the Day Rate Workers do not receive overtime pay.

41. This is despite the fact Taylor and the Day Rate Workers often work at least 12-16 hours a day, for 7 days a week, for two weeks on/one week off hitches.

42. Although he typically worked 7 days a week, for at least 12-16 hours a day, Taylor did not receive any overtime pay.

43. Taylor and the Day Rate Workers received their day rate regardless of the number of hours they worked in a day or week, even when they worked more than 40 hours in a workweek.

44. Taylor's work schedule is typical of the Day Rate Workers.

45. Spur Energy knows Taylor and the Day Rate Workers work for at least 12-16 hours a day, for 7 days a week, for two weeks on/one week off hitches.

46. Spur Energy's records reflect the fact that Taylor and the Day Rate Workers regularly work far in excess of 40 hours in certain workweeks.

47. Spur Energy does not pay Taylor or the Day Rate Workers overtime for hours worked in excess of 40 in any of those weeks.

48. Instead, Spur Energy pays Taylor and the Day Rate Workers on a day rate basis.

49. For example, throughout his employment with Spur Energy, Spur Energy paid him $1,600 for each day he actually worked, regardless of the number of hours he worked in a day or week.

50. Taylor and the Day Rate Workers are not employed on a salary basis.

51. Taylor and the Day Rate Workers do not, and have never, received guaranteed weekly compensation from Spur Energy irrespective of the day worked (i.e., the only compensation they receive is the day rate they are assigned for all hours worked in a single day or week).

52. Spur Energy's policy of paying Taylor and the Day Rate Workers a day rate with no overtime compensation violates the FLSA because it deprives Taylor and the Day Rate Workers of overtime for the hours they work in excess of 40 hours in a single workweek.

53. Spur Energy controls Taylor and the Day Rate Workers' work.

54. Spur Energy requires Taylor and the Day Rate Workers to follow Spur Energy's policies and procedures.

55. Taylor and the Day Rate Workers' work must adhere to the quality standards put in place by Spur Energy.

56. Taylor and the Day Rate Workers are not required to possess any unique or specialized skillset (other than that maintained by all other workers in their respective positions) to perform their job duties.

57. As a Drilling Consultant, Taylor's job duties include ensuring that Spur Energy well or drilling project was safely completed in accordance with Spur Energy's Well Plan, Drilling Procedure, specifications, policies, and expectations.

58. Without the job performed by Taylor and the Day Rate Workers, Spur Energy would not be able to complete its business objectives or acquiring and developing oil and gas assets.

59. Taylor and the Day Rate Workers relied on Spur Energy for work and compensation.

60. Taylor and the Day Rate Workers worked in accordance with the schedule set by Spur Energy.

61. Taylor and the Day Rate Workers cannot subcontract out the work they are assigned by Spur Energy.

62. Taylor and the Day Rate Workers did not substantially invest in the tools required to complete the overall job to which they were assigned.

63. Rather, Spur Energy incurred the large-scale business and operating expenses like rent, payroll, marketing, drilling equipment, tools, and materials.

64. Taylor and the Day Rate Workers did not market their services while employed by Spur Energy.

65. Taylor and the Day Rate Workers worked exclusively for Spur Energy during the relevant period.

66. Spur Energy set Taylor and the Day Rate Workers' work schedule, which prohibited them from working other jobs for other companies while working for Spur Energy.

67. At all relevant times, Spur Energy maintained control, oversight, and direction of Taylor and the Day Rate Workers, including, but not limited to, hiring, firing, disciplining, timekeeping, payroll, and other employment practices.

68. Spur Energy knew Taylor, and other Day Rate Workers, worked more than 40 hours in a week.

69. Spur Energy knew, or showed reckless disregard for whether, the Day Rate Workers were not exempt from the FLSA and NMMWA's overtime provisions.

70. Nonetheless, Spur Energy failed to pay Taylor and the Day Rate Workers overtime.

71. Spur Energy knowingly, willfully, or in reckless disregard carried out this illegal day rate pay plan that deprived Taylor and the Day Rate Workers of overtime compensation in violation of the FLSA and the NMMWA.

72. Spur Energy's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay these employees overtime made in good faith.

73. Spur Energy willfully violated the FLSA and NMMWA.

## CAUSE OF ACTION
## FLSA VIOLATIONS

74. Spur Energy's day rate pay plan violates the FLSA because Taylor and the other Day Rate Workers did not receive overtime pay for hours they worked in excess of 40 in a week.

75. Spur Energy knew, or showed reckless disregard for whether, its day rate pay plan violated the FLSA.

76. Spur Energy's failure to pay overtime compensation to the Day Rate Workers was not based on any reasonable interpretation of the law.

77. Nor was Spur Energy's decision not to pay its Day Rate Workers overtime made in good faith.

78. Accordingly, Taylor and the Day Rate Workers are entitled to recover their unpaid overtime under the FLSA, liquidated damages, attorneys' fees, and costs.

## CAUSE OF ACTION
## NMMWA VIOLATIONS

79. Taylor brings this claim under the NMMWA as a Rule 23 class action.

80. The conduct alleged herein violates the NMMWA. NMSA § 50-4-19 *et seq*.

81. At all relevant times, Spur Energy was subject to the requirements of the NMMWA.

82. At all relevant times, Spur Energy employed Taylor and each New Mexico Class Member as an "employee" within the meaning of the NMMWA.

83. Spur Energy's pay policy denied Taylor and the New Mexico Class Members overtime compensation, as required by the NMMWA.

84. Spur Energy's failure to pay Taylor and the New Mexico Class Members overtime at rates not less than one and one-half times their regular rate violates the NMMWA. NMSA § 50-4-22(C).

85. Spur Energy owes Taylor and the New Mexico Class Members the difference between the rate actually paid and the proper overtime rate.

86. Spur Energy is also liable to Taylor and the New Mexico Class Members for "an additional amount equal to twice the unpaid … wages" as treble damages. NMSA § 50-4-26(C).

87. Taylor and the New Mexico Class Members are entitled to recover all reasonable attorneys' fees and costs incurred in this action, as provided by the NMMWA. NMSA § 50-4-26(E).

## CLASS AND COLLECTIVE ACTION ALLEGATIONS

88. The illegal pay practices Spur Energy imposed on Taylor were likewise imposed on the Day Rate Workers.

89. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA and NMMWA.

90. Numerous other individuals who worked with Taylor indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

91. Based on his experiences and tenure with Spur Energy, Taylor is aware that Spur Energy's illegal practices were imposed on the Day Rate Workers.

92. The Day Rate Workers were all not afforded the overtime compensation when they worked in excess of 40 hours per week.

93. Spur Energy's failure to pay wages and overtime compensation at the rates required by state and federal law, including the FLSA and NMMWA, result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Day Rate Workers.

94. Taylor's experiences are therefore typical of the experiences of the Day Rate Workers.

95. The specific job titles or precise job locations of the Day Rate Workers do not prevent collective treatment.

96. Taylor has no interest contrary to, or in conflict with, the Day Rate Workers.

97. Like each Day Rate Worker, Taylor has an interest in obtaining the unpaid overtime wages owed to him under state and/or federal law.

98. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

99. Absent this class and collective action, many Day Rate Workers likely will not obtain redress of their injuries and Spur Energy will reap the unjust benefits of violating the FLSA and NMMWA.

100. Furthermore, even if some of the Day Rate Workers could afford individual litigation against Spur Energy, it would be unduly burdensome to the judicial system.

101. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the class and provide for judicial consistency.

102. The questions of law and fact common to the Day Rate Workers predominate over any questions affecting solely the individual members.

103. Among the common questions of law and fact are:

    a. Whether Spur Energy employed the Day Rate Workers within the meaning of the applicable state and federal statutes, including the FLSA and NMMWA;

    b. Whether the Day Rate Workers were improperly misclassified as independent contractors;

    c. Whether Spur Energy's decision to classify the Day Rate Workers as independent contractors was made in good faith;

      d.      Whether Spur Energy's day rate pay practice satisfies the salary basis test;

      e.      Whether Spur Energy's decision to not pay time and a half for overtime to the Day Rate Workers was made in good faith;

      f.      Whether Spur Energy's violation of the FLSA was willful; and

      g.      Whether Spur Energy's illegal pay practices were applied uniformly across the nation to all Day Rate Workers.

104.    Taylor's claims are typical of the claims of the Day Rate Workers. Taylor and the Day Rate Workers sustained damages arising out of Spur Energy's illegal and uniform employment policy.

105.    Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts.

106.    Therefore, this issue does not preclude class or collective action treatment.

## JURY DEMAND

107.    Taylor demands a trial by jury.

## RELIEF SOUGHT

108.    WHEREFORE, Taylor prays for judgment against Spur Energy as follows:

      a.      For an Order designating this lawsuit as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to the Day Rate Workers with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

      b.      For an Order appointing Taylor as representative and his counsel to represent the interests of the FLSA Class and the New Mexico Class;

c. For an Order finding Spur Energy liable to Taylor and the FLSA Class for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

d. For an Order finding Spur Energy liable to Taylor and the New Mexico Class for unpaid overtime owed under the FLSA, as well as treble damages in an amount equal to twice their unpaid compensation;

e. Certification of the New Mexico Class pursuant to Fed. R. Civ. P. 23;

f. For an Order awarding attorneys' fees, costs and pre- and post-judgment interest at the highest available rates; and

g. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: /s/ *Michael A. Josephson*
**Michael A. Josephson**
Texas Bar No. 24014780
**Andrew W. Dunlap**
Texas Bar No. 24078444
**Taylor A. Jones***
Texas Bar No. 24107823
**JOSEPHSON DUNLAP LLP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile
mjosephson@mybackwages.com
adunlap@mybackwages.com
tjones@mybackwages.com
**Pro Hac Vice Application Forthcoming*

**Richard J. (Rex) Burch**
Texas Bar No. 24001807
**BRUCKNER BURCH, PLLC**
11 Greenway Plaza, Suite 3025
Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

**ATTORNEYS FOR PLAINTIFF &
THE PUTATIVE CLASS MEMBERS**